An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-964

Filed: 19 May 2015

Rowan County, No. 10CRS052393

STATE OF NORTH CAROLINA,

v.

STEVEN LEE ODOM, Defendant.

Appeal by defendant from judgments entered on or about 12 March 2014 by Judge Mark E. Klass in Superior Court, Rowan County. Heard in the Court of Appeals 3 February 2015.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Mary Carla Babb, for the State.*
>
> *W. Michael Spivey, for defendant-appellant.*

STROUD, Judge.

Defendant appeals judgments convicting him of two counts of statutory rape/sex offense. We find no error.

I. Background

The State's evidence tended to show that in the summer of 2009 Jane[1], who was 13, told her mother she had been hanging out with a man who was 21. Jane's mother tried to find the man using a contact number in Jane's cell phone and Jane's MySpace and Facebook friends, and Jane's mother found defendant's name. Jane's mother later found defendant on the sex offender registry. Jane's mother asked defendant to stop hanging around with her daughter. At some point during the summer, Jane had oral sex and sexual intercourse with defendant. When defendant was eventually questioned by Detective Clint Mauldin of the Rowan County Sheriff's Department he confessed to having oral sex and sexual intercourse with Jane. On or about 6 July 2010, defendant was indicted for statutory rape and statutory sex offense. A jury found defendant guilty of both offenses, and the trial court sentenced defendant. Defendant appeals.

## II. Evidence Defendant Was a Registered Sex Offender

Defendant contends the trial court erred in allowing in evidence that he was already a registered sex offender. Defendant admits that he did not properly preserve this error for appellate review at trial, and thus this issue should be reviewed for plain error.

> [O]n plain error review, the defendant must first demonstrate that the trial court committed error, and next

---

[1] A pseudonym will be used to protect the identity of the minor involved.

that absent the error, the jury probably would have reached a different result. So, if the defendant has failed to show that the purported error would have led to a different result, we need not consider whether an error was actually made.

*State v. Larkin*, ___ N.C. App. ___, ___, 764 S.E.2d 681, 685 (2014) (citation and quotation marks omitted), *disc. review denied*, ___ N.C. ___, 768 S.E.2d 841 (2015).

Evidence that defendant was a registered sex offender was introduced as part of Jane's mother's testimony explaining how she discovered who defendant was and why she asked him not to have further contact with Jane. But even if we were to assume that evidence that defendant was already a registered sex offender was admitted in error, defendant has failed to demonstrate that the jury probably would have reached a different result without this evidence. *See id.* Here, Jane testified that when she was 13 and defendant was 21, they had engaged in oral sex and intercourse. Detective Clint Mauldin also testified that defendant confessed to having oral sex and intercourse with Jane. Based upon the evidence before the jury, we do not believe that admitting evidence that defendant was a registered sex offender "led to a different result[.]" *Id.* As such, this argument is overruled.

## III. Motion for Mistrial

Defendant next contends that the trial court erred in denying his motion for mistrial based on the erroneously admitted evidence that he was a registered sex offender.

> N.C. Gen. Stat. § 15A–1061 states, in pertinent part, that upon motion of a defendant or with his concurrence the judge may declare a mistrial at any time during the trial. The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case.
> . . . Our standard of review when examining a trial court's denial of a motion for mistrial is abuse of discretion.

*State v. Glenn*, 221 N.C. App. 143, 152-53, 726 S.E.2d 185, 191 (2012) (citations, quotation marks, and brackets omitted).

Considering the evidence presented by the State, including Jane's testimony and a detective's testimony of defendant's confession, we do not believe admission that defendant was a registered sex offender resulted in "substantial and irreparable prejudice[,]" and thus we find no abuse of discretion. *Id.* This argument is overruled.

## IV. Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges BRYANT and HUNTER, JR. concur.

Report per Rule 30(e).